UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

EDDIE MICHAEL GEARY                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 4:12CV-P33-M

JAMES C. BRANTLEY *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Eddie Michael Geary's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff is a convicted inmate currently incarcerated at the Taylor County Detention Center. He filed a civil rights action pursuant to 42 U.S.C. § 1983 against Hopkins Circuit Court Judge James C. Brantley and Hopkins County Sheriff's Deputy Will Coursey in their individual and official capacities.

As his statement of claim, Plaintiff reports that on February 28, 2010, he was arrested by Deputy Coursey, who took Plaintiff's wallet and personal belongings. At the time of the arrest, Plaintiff had $1,280.00 in his wallet. That money, contends Plaintiff, belonged to his nephew. A few days later, Deputy Coursey returned the wallet to Plaintiff's family but not the money. Plaintiff alleges that Deputy Coursey abused his power and authority as an officer of the court when he failed to surrender Plaintiff's nephew's money violating Plaintiff's constitutional rights.

Plaintiff additionally reports that on June 10, 2011, following a jury trial, he was found not guilty of a trafficking charge but Judge Brantley did not return Plaintiff's nephew's money. "On August 1st, 2011 at 1:30pm I had a hearing over returning my nephew's money." Plaintiff

states that his nephew testified at the hearing "concerning said money and that it was his and that no probable cause 'exist' to take his money." Judge Brantley ultimately denied the return of the money. Plaintiff claims that Judge Brantley abused his power and violated Plaintiff's constitutional rights when he ordered forfeiture of Plaintiff's nephew's money "not once proving it was drug money."

As relief, Plaintiff seeks $1,280.00 plus payment of the $350.00 filing fee.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A]

2

district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

## III.

**A.    Judge Brantley**

### 1. Individual-capacity claims

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  "[I]mmunity is overcome in only two sets of circumstances." *Id.*  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id.*  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.  A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997).  Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).

"Whether an action is judicial depends on the nature and function of the act, not the act itself." *Ireland v. Tunis*, 113 F.3d at 1440-41 (quoting *Mireles v. Waco*, 502 U.S. at 13 (quoting *Stump v. Sparkman*, 435 U.S. at  362)) (internal quotation marks omitted).  Two factors are used to perform this functional analysis. *Id.* at 1441.  Courts must first determine whether the act "'is a function normally performed by a judge.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. at 362).  Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity." *Id.*

 Presiding over a forfeiture hearing and rendering a determination are functions normally performed by a judge, and Plaintiff dealt with Judge Brantley in his judicial capacity.  Therefore,

the alleged wrongful acts performed by Judge Brantley were judicial in nature.  Further, Plaintiff has not alleged that Judge Brantley acted "in clear absence of all jurisdiction" in presiding over the forfeiture proceeding.  *See, e.g., Hawkins v. Czarnecki*, No. 96-2437, 1998 WL 57333, at *4 (6th Cir. Feb. 2, 1998) ("The district court did not err . . . in concluding that Judge Talbot was entitled to absolute judicial immunity for his conduct of the forfeiture proceeding.").

For these reasons, Judge Brantley is entitled to immunity from suit in his individual capacity.

### 2.  *Official-capacity claims*

The Court will dismiss these claims on two bases.  First, Judge Brantley, a state official sued in his official capacity for damages, is absolutely immune from liability under the Eleventh Amendment to the United States Constitution.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).  Second, Judge Brantley in his official capacity for damages is not a "person" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim).  Consequently, the § 1983 official-capacity claims for damages against Judge Brantley in his official capacity for damages must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

5

**B.    Deputy Coursey**

Plaintiff alleges that Deputy Coursey violated his constitutional rights but does not identify which rights.  The Court construes his claims as arising under the Fourth and Fourteenth Amendments to the U.S. Constitution.

### 1. Fourth Amendment

To the extent that Plaintiff may be alleging an illegal seizure under the Fourth Amendment, such a claim is time barred.  The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  In cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred.  *See Wallace v. Kato*, 549 U.S. 384 (2007).  Thus, the statute of limitations challenging an unlawful search and seizure accrues at the time of the search and seizure.  *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ( "Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure.").

While the statute-of-limitations is an affirmative defense, when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

In this case, Plaintiff alleges that Deputy Coursey seized the $1,280.00 at the time of his arrest on February 28, 2010.  Plaintiff knew or should have known of the injury that formed the basis of any alleged illegal seizure on that date.  The statute of limitations for Plaintiff's § 1983 cause of action, therefore, accrued on February 28, 2010, and expired one year later on February 28, 2011.  Plaintiff did not file the current action until February 23, 2012, the date on which he certified the complaint was delivered to the prison mail system for mailing.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").  As such, any Fourth Amendment illegal seizure claim that Plaintiff may be attempting to raise is untimely and must be dismissed as frivolous.

### 2. Fourteenth Amendment

To the extent Plaintiff may be alleging a Fourteenth Amendment due process violation, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).  "If satisfactory state procedures are

7

provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). "Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Id.* at 588. "The plaintiff must prove the inadequacy of state remedies as an element of [his] constitutional tort." *Id.* (citing *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as *an element* of that claim that state procedural remedies are inadequate." (emphasis in *Jefferson*)). Therefore, in order to state a procedural due process claim under § 1983, "'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)).

In contending that the $1,280.00 was his nephew's money, Plaintiff has not shown that *he* had a property interest in the money. Even if Plaintiff did have a property interest, he does not attack the state's corrective procedure or challenge the inadequacy of state post-deprivation remedies. To be sure, he admits, "I had a hearing over returning my nephew's money," and he even states his nephew testified at the hearing. Plaintiff is upset only at the *result* (the forfeiture) of the post-deprivation hearing, not at the adequacy of the hearing/process itself. Plaintiff, therefore, has failed to state a cognizable due process claim.

The Court will enter a separate Order dismissing this action.

Date:   August 16, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.005

9